UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LELLI'S INN, INC., a
Michigan corporation,

      Plaintiff,

vs.

STEVEN LELLI'S INN ON THE
GREEN, L.L.C., a Michigan limited
liability company; STEVEN LELLIS
ON THE GREEN, LLC, a Michigan
limited liability company; STEVEN
LELLIS ON THE GREEN, INC., a
Michigan corporation; MARK R.
ZARKIN; and STEVEN J. LELLI, jointly
and severally,

      Defendants.

Case No.
Hon.

---

ALSPECTOR, SOSIN & NOVECK, PLLC
By:   ROBERT M. SOSIN P35414
Attorneys for Plaintiff
30100 Telegraph Road, Suite 360
Bingham Farms, MI   48025-4517
(248) 642-3200
robert@asnlaw.com

---

## COMPLAINT

NOW COMES the above-named Plaintiff, by its attorneys, ALSPECTOR, SOSIN & NOVECK, PLLC, and for its Complaint against the above-named Defendants, jointly and severally, states as follows:

1.    Plaintiff LELLI'S INN, INC. ("Plaintiff") is, and at all times pertinent herein has been, a Michigan corporation organized and existing under the laws of

Michigan with its principal place of business and office of its resident agent located in the City of Auburn Hills, Oakland County, Michigan.

2. Plaintiff is informed and believes and therefore avers that Defendant STEVEN LELLI'S INN ON THE GREEN, L.L.C. is a Michigan limited liability company organized and existing under the laws of Michigan ["not in good standing as of 2-19-13" with the State of Michigan – Exhibit "A"] with its principal place of business located in the City of Farmington Hills, Oakland County, Michigan and with the office of its resident agent located in the City of Warren, Macomb County, Michigan.

3. Plaintiff is informed and believes and therefore avers that Defendant STEVEN LELLIS ON THE GREEN, LLC is, and at all times pertinent herein has been, a Michigan limited liability company organized and existing under the laws of Michigan with its principal place of business and office of its resident agent located in the City of Farmington Hills, Oakland County, Michigan.

4. Plaintiff is informed and believes and therefore avers that Defendant STEVEN LELLIS ON THE GREEN, INC. is, and/or was for a period of time pertinent herein, a Michigan corporation organized and existing under the laws of Michigan with its principal place of business and office of its resident agent located in the City of Farmington Hills, Oakland County, Michigan.

5. Plaintiff is informed and believes and therefore avers that Defendant MARK R. ZARKIN (sometimes hereinafter referred to as "Defendant Zarkin") is, and at all times pertinent herein has been, a resident of the City of Warren, Macomb County, Michigan.

6. Plaintiff is informed and believes and therefore avers that Defendant STEVEN J. LELLI (sometimes hereinafter referred to as "Defendant Steven Lelli") is a resident of the City of Novi, Oakland County, Michigan.

7. This is a civil action for unfair competition, deceptive trade practices, trademark infringement, appropriation of trade values and rights of publicity, "palming off" and related claims arising under the laws of the United States and the State of Michigan, including 15 USC §1051, et seq., 15 USC §1114, 15 USC §1117(c), 15 USC §1125(a), MCL 445.901 et seq. and MCL 450.1212

8. The Court has subject matter jurisdiction over the claims herein pursuant to 28 USC §§1331 and 1338(a) and (b), and/or pursuant to 28 USC §1367.

9. Since 1939, the Lelli family (Nerio and Irene Lelli, their son Michael, and Michael's daughter Rebecca Lelli), first individually and since 1973 through Plaintiff corporation, has owned and operated an upscale Italian steakhouse restaurant known as "Lelli's® Inn," and has used the "Lelli's"® designation as a trade name, service mark and/or trade dress since such time.

3

10. The original "Lelli's® Inn" was located in Detroit, Wayne County, Michigan.

11. In 1996, Plaintiff opened a second "Lelli's® Inn" location in Auburn Hills, Oakland County, Michigan.

12. Plaintiff's "Lelli's® Inn" restaurants for over 70 years have been famous for distinctive northern Italian cuisine, their Filet Mignon, six-course and seven-course dinners, and celebrated "Zip" sauce (among other things).

13. In December of 2011, Plaintiff applied to the United States Patent and Trademark Office for recognition and protection of the "Lelli's"® trade name, service mark and/or trade dress [Exhibit "B"].

14. On or about January 15, 2013, the United States Patent and Trademark Office issued to Plaintiff the "Lelli's"® Trademark and Service Mark "for restaurant services" [the "Subject Marks"]. A true and correct copy of U.S. Trademark Registration No. 4,274,340 is attached hereto as Exhibit "C."

15. Plaintiff is informed and believes and therefore avers that in about 2011 Defendants Steven Lelli's Inn on the Green, L.L.C., Steven Lellis on the Green, LLC, Steven Lellis on the Green, Inc., Zarkin and Steven Lelli (sometimes hereinafter referred to collectively as "Defendants") began operating a restaurant in Farmington Hills, Oakland County, Michigan located at 27925 Golf Pointe Blvd.

(the "Subject Restaurant") from and through which Defendants have willfully and intentionally competed unfairly with Plaintiff, infringed upon the Subject Marks, and engaged in deceptive trade practices, in the following ways (among others):

a. By using the Subject Marks in Defendants' company names and on Defendants' signs, website and other written and electronic media;

b. By using a domain name – "www.lellisinn.com" – that contains the Subject Marks and the actual name of Plaintiff's restaurant;

c. By using the Subject Marks on Defendants' signs, website and other written and electronic media in lettering that is strikingly similar to Plaintiff's signage and use of lettering in Plaintiff's other written and electronic media;

d. By knowingly and fraudulently misrepresenting on Defendants' signs, website and other written and electronic media that Defendants have been in business "since 1939" when that is how long <u>Plaintiff</u> has been in business, and when in fact Defendants have been in business for only about two (2) years;

e. By repeatedly referring to Plaintiff's restaurants on Defendants' website and other written and electronic media without Plaintiff's permission or authority;

f. By knowingly and fraudulently misrepresenting on Defendants' website that Defendants were the creators of and/or associated with "Lelli's Original Famous Zip Sauce" when in fact Defendants have had nothing to do with such "Zip Sauce" and Plaintiff is the creator of such "Zip Sauce";

g. By knowingly and fraudulently misrepresenting on Defendants' website that Defendant Steven Lelli "grew up working for his grandfather, Nerio Lelli" when in fact Defendant Steven Lelli **was not even born until after his grandfather's death**;

5

    h. By knowingly and fraudulently misrepresenting on Defendants' website that "[Defendant Steven Lelli] also opened the Auburn Hills location in the mid 90's with his father and sister" when in fact Defendant Steven Lelli and his sister were employees of Plaintiff's Auburn Hills restaurant opened by their father;

    i. By knowingly misrepresenting on Defendants' website, "Lelli's is proud to have had the opportunity to serve you and your family for over 74 years" when Defendants have only been in business for about two (2) years;

    j. By knowingly and fraudulently including on Defendants' website a "media review" of the Subject Restaurant that repeatedly refers to Plaintiff and to Plaintiff's restaurants; and

    k. By conspicuously imitating in the Subject Restaurant the number and manner of dinner courses served by Plaintiff's restaurants; and

    l. By displaying in the Subject Restaurant large, framed photographs of Irene and Nerio Lelli and of other Lelli family members unaffiliated with the Subject Restaurant, without such persons' authorization or permission.

16. Defendants, and each of them, individually and jointly, have participated in and are responsible for the above-described wrongful acts and omissions and the damages resulting therefrom.

17. Defendants, and each of them, individually and jointly, willfully and intentionally engaged in the above-described wrongful acts and omissions in a manner to cause confusion among and/or to mislead Plaintiff's customers and potential customers, and/or for the purpose of creating the false impression that the

6

Subject Restaurant was associated or affiliated with Plaintiff's restaurant.

18. Defendants, and each of them, individually and jointly, have engaged in the above-described wrongful acts and omissions even after receiving a June 18, 2013 letter from Plaintiff's counsel [Exhibit "D"] detailing such wrongful acts and omissions.

19. Defendants have created a likelihood of injury to Plaintiff's business reputation, have caused a strong likelihood of confusion as to the source, origin, or relationship of Plaintiff's and Defendants' goods and services, and have otherwise competed unfairly with Plaintiff.

20. Defendants' acts complained of herein have caused damage and irreparable injury to Plaintiff, and will result in further damage and irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violations of Plaintiff's rights in the Subject Marks, for which Plaintiff has no adequate remedy at law.

## COUNT I
## INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK
## [SECTION 32 OF THE LANHAM ACT, 15 USC §1114]

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22. Plaintiff owns and uses, and since about 1939 has used, the Subject Marks in the ownership and operation of Plaintiff's restaurant business.

23. Defendants have used, and continue to use, in commerce, without Plaintiff's consent, identical or confusingly similar imitations of the Subject Marks in connection with the ownership and operation of the Subject Restaurant, and such use has caused confusion, mistake and /or deception, and is likely to continue to cause confusion, mistake and/or deception, all in violation of 15 USC §1114.

24. Defendants have used, and continue to use, in commerce, without Plaintiff's consent, reproductions, copies, and/or colorable imitations of the Subject Marks in connection with the ownership and operation of the Subject Restaurant, and such use has caused confusion, mistake and /or deception, and is likely to continue to cause confusion, mistake and/or deception, all in violation of 15 USC §1114.

25 Plaintiff is informed and believes and therefore avers that Defendants, and each of them, had actual knowledge of Plaintiff's prior rights in the Subject Marks, and Defendants have willfully, intentionally, deliberately and knowingly infringed the Subject Marks in blatant disregard of Plaintiff's rights.

26. Plaintiff has been damaged, and is likely to continue to be damaged, by Defendants' use of the Subject Marks, and Plaintiff is entitled to damages under 15

USC §1117, including Plaintiff's actual damages, Defendant's profits from the infringement, and the costs of this action pursuant to 15 USC §1117(a).

27. Plaintiff also is entitled to attorneys' fees, costs and treble damages, as Defendants' conduct was knowing and willful, and this case is exceptional under 15 USC §1117(a).

28. By their actions, Defendants have irreparably injured and violated Plaintiff's rights in an amount to be determined at trial, and such irreparable injury will continue unless Defendants, and each of them, are enjoined by this Court, pursuant to 15 USC §1116, from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
## [SECTION 43(A) OF THE LANHAM ACT, 15 USC §1125(a)]

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

30. Defendants have promoted, advertised, marketed, offered and/or sold products and services using the Subject Marks in an infringing manner without authorization from Plaintiff.   Defendants' infringing mark(s) is/are identical or confusingly similar to the Subject Marks.

31. Defendants have, in connection with the promotion, advertising, marketing, offering and/or selling of their goods and services, used in commerce a word, term, name, symbol, or device, a combination thereof, and/or a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact which has caused confusion, mistake and /or deception, and is likely to continue to cause confusion, mistake and/or deception, as to the affiliation, connection, and association of Defendants with Plaintiff, and/or with Plaintiff's products and services, and/or with the Subject Marks, and/or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiff, all in violation of 15 USC §1125(a)(1)(A).

32. In connection with their promotion, advertising, marketing, offering and/or selling of their goods and services using the Subject Marks in an infringing manner, Defendants have used a mark (marks) identical or confusingly similar to the Subject Marks in commercial advertising or promotion, and thus Defendants have misrepresented the nature, characteristics, qualities, and/or geographic origin of Defendants' products in violation of 15 USC §1125(a)(1)(B).

33. Plaintiff has no control over the nature or quality of the products and services sold and offered for sale by Defendants. Any failure, neglect, or default of Defendants in advertising, marketing, or selling their products and services to

consumers will reflect adversely upon Plaintiff as the believed source of origin and/or approval of such products and services.

34.   Plaintiff has suffered and will continue to suffer substantial damage to its business, reputation, and goodwill as a result of Defendants' wrongful acts.

35.   Defendants' conduct constitutes an "exceptional" case under 15 USC §1117(a), and Plaintiff is entitled to attorneys' fees and other costs the Court considers just and equitable.

36.   By their actions, Defendants have irreparably injured and violated Plaintiff's rights in an amount to be determined at trial, and such irreparable injury will continue unless Defendants, and each of them, are enjoined by this Court, pursuant to 15 USC §1116, from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## COUNT III
## COMMON LAW AND STATUTORY UNFAIR COMPETITION

37.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

38.   Plaintiff is informed and believes and therefore avers that, by reason of the foregoing acts, Defendants have intentionally caused a likelihood of confusion among the purchasing public in southeastern Michigan, southern Ontario and

elsewhere, thereby unfairly competing with Plaintiff in violation of MCL 445.901, et seq., MCL 450.1212, and the common law of the State of Michigan.

39. Despite demands by Plaintiff that Defendants cease and desist from the above-described wrongful acts and omissions, Defendants have refused to discontinue such conduct, and have continued to violate the rights of Plaintiff, to mislead the public, and to trade unfairly upon Plaintiff's reputation and goodwill.

40. Defendants' aforementioned wrongful acts and omissions (i) constitute unfair, unconscionable and/or deceptive methods, acts, or practices in the conduct of trade or commerce [MCL 445.903], (ii) have injured and violated the rights of Plaintiff, and (iii) entitle Plaintiff to restitution and other relief under MCL 445.911 and/or the common law of the State of Michigan.

41. Further, by such wrongful conduct, Defendants have irreparably injured the consumer recognition and goodwill associated with the Subject Marks, and such irreparable injury will continue unless Defendants, and each of them, are enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

### REQUEST FOR INJUNCTIVE AND OTHER RELIEF

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 41 above as if fully set forth herein.

43. Defendants have violated 15 USC §§1114(1)(a) and 1125(a), MCL 445.901, et seq. and MCL 450.1212, and Plaintiff is therefore entitled to injunctive relief under 15 USC §1116 and MCL 445.911.

44. Plaintiff requests that the Court issue preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their respective officers, directors, agents, employees, successors, assigns and attorneys, and every other person and entity in active concert or participation with Defendants (or with any of Defendants) who receives notice of the injunction by personal service or otherwise, from doing, aiding, causing or abetting the following:

   (a) Engaging in any further use of marks that are identical or confusingly similar to the Subject Marks;

   (b) Directly or indirectly using in commerce an identical or confusingly similar imitation of the Subject Marks in connection with the sale, offering for sale, distribution, promotion, or advertisement of any goods and/or services without authorization from Plaintiff;

   (c) Using a mark that is identical or confusingly similar to Plaintiff's Subject Marks in commercial advertising or promotion, and thus misrepresenting the nature, characteristics, qualities, and/or geographic origin of Defendants' products and/or services; and

   (d) Otherwise engaging in competition unfairly with respect to Plaintiff and/or the Subject Marks.

45. Plaintiff also requests that this Honorable Court issue the following additional relief in this matter:

A. Order Defendants to file with the Court and serve upon counsel for Plaintiff within, thirty (30) days after the entry of the permanent injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

B. Order Defendants to account for and pay to Plaintiff all profits derived by reason of Defendants' acts alleged in this Complaint, pursuant to 15 USC §1117(a);

C. Order Defendants to pay Plaintiff all actual damages Plaintiff has sustained as a result of Defendants' actions, including without limitation damage to Plaintiff's business, reputation and goodwill, and the loss of sales and profits that Plaintiff would have made but for Defendants' acts, pursuant to 15 USC §1117(a);

D. Find that this is an "exceptional" case pursuant to 15 USC §1117(a);

E. Award Plaintiff treble damages pursuant to 15 USC §1117(b);

F. Award Plaintiff its costs of suit, including reasonable and necessary attorneys' fees and expenses for the prosecution and appeal of this matter (if any), pursuant to 15 USC §1117(a);

G. Order restitution and other appropriate legal and equitable relief as a result of Defendants' acts of unfair competition, pursuant to MCL 445.901, et seq., MCL 450.1212, and the common law of the State of Michigan;

H. Award Plaintiff pre-judgment and post-judgment interest at the highest legal rate on all sums awarded in the Court's judgment; and

I. Award Plaintiff such other and further relief to which it may be entitled at law or in equity.

        Respectfully submitted,

        ALSPECTOR, SOSIN & NOVECK, PLLC


        By: _____
           ROBERT M. SOSIN P35414
           Attorneys for Plaintiff
           30100 Telegraph, Suite 360
           Bingham Farms, MI 48025
           (248) 642-3200

DATED: November 18, 2013