# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LELLI'S INN, INC., a
Michigan corporation,

     Plaintiff/Counter-Defendant,          Case No. 5:13-cv-14766-JCO-LJM
                                                      Honorable John Corbett O'Meara

vs.

STEVEN LELLI'S INN ON THE
GREEN, L.L.C., a Michigan limited
liability company; STEVEN LELLIS
ON THE GREEN, LLC, a Michigan
limited liability company; STEVEN
LELLIS ON THE GREEN, INC., a
Michigan corporation; and MARK R.
ZARKIN, jointly and severally,

     Defendants/Counter-Plaintiffs,

-and-

STEVEN J. LELLI, jointly and severally,

     Defendant.

| | |
|---|---|
| ALSPECTOR, SOSIN & NOVECK, PLLC<br>By:    Robert M. Sosin (P35414)<br>Attorneys for Plaintiff<br>30100 Telegraph Road, Suite 360<br>Bingham Farms, MI 48025-4517<br>(248) 642-3200<br>robert@asnlaw.com | HARNESS DICKEY & PIERCE, PLC<br>By:    Robert J. Lenihan, II, Esq. (P16554)<br>         Allen E. Pittoors, Esq. (P66045)<br>Attorneys for Defendants/Counter-Plaintiffs<br>5445 Corporate Drive, Suite 200<br>Troy, Michigan 48098<br>(248) 641-1600<br>rjlenihan@hdp.com / apittoors@hdp.com |
| NESI & ASSOCIATIONS, P.C.<br>By:    Christopher J. Nesi (P62477)<br>Attorneys for Defendant Steven J. Lelli, only<br>722 Notre Dame<br>Grosse Pointe, MI 48230<br>(313) 886-5769<br>chrisnesi@nesilawyers.com | JOELSON ROSENBERG, PLC<br>By:    David W. Warren (P32449)<br>Attorneys for Defendants/Counter-Plaintiffs<br>30665 Northwestern Hwy., Ste 200<br>Farmington Hills, MI 48334<br>(248) 855-2233<br>dwwarren@joelsonrosenberg.com |

# MOTION OF PLAINTIFF LELLI'S INN, INC. FOR SANCTIONS AGAINST DEFENDANTS FOR VIOLATIONS OF PARTIES' TRADEMARK AGREEMENT

NOW COMES the above-named Plaintiff/Counter-Defendant LELLI'S INN, INC. ("Plaintiff"), by its attorneys, ALSPECTOR, SOSIN & NOVECK, PLLC, and for its Motion for Sanctions against Defendants/Counter-Plaintiffs Steven Lelli's Inn on the Green, L.L.C., Steven Lellis on the Green, LLC, Steven Lellis on the Green, Inc., and Mark R. Zarkin (collectively "Defendants") for Defendants' violations of the parties' "Trademark Agreement" settlement agreement [Exhibit "A"], Plaintiff relies on its supporting Brief, and states as follows:

1) Plaintiff filed the instant lawsuit against the above-named Defendants for unfair competition, deceptive trade practices, trademark infringement, appropriation of trade values and rights of publicity, "palming off" and related claims arising under the laws of the United States and the State of Michigan.

2) The subject lawsuit focused on Defendants' misrepresenting that their restaurant in Farmington Hills, Michigan (that opened in November 2010 – the "Subject Restaurant") was affiliated with or an extension of Plaintiff's iconic

Detroit/Auburn Hills restaurant that has been in business since 1939[1] – when, in fact, the two restaurant businesses have no affiliation.

    3)    Through the help of Judge Michelson (who served as Facilitative Mediator), the parties reached a settlement of their claims and counter-claims memorialized in the attached "Trademark Agreement" [Exhibit "A"] that is effective November 1, 2014.

    4)    Defendants' obligations under the Trademark Agreement are in pertinent part as follows:

> "(3) Defendants agree that, so long as Plaintiff or its "Successor" * * * is operating an Italian restaurant in southeastern Michigan, Defendants shall not:
>
> i. **Use the "Lelli's"® mark in lettering that is more than thirty-five (35) percent larger in font size than any of the other words within the Subject Restaurant's name (i.e., "Steven," "Inn," "on," "the," or "Green")**;
>
> ii. **Make any claim or statement (verbally, written, or electronic) that the Subject Restaurant is or has been an affiliation, extension or continuation of Plaintiff's Auburn Hills Restaurant, the Original Restaurant, or Plaintiff's Detroit predecessor restaurant**;
>
> iii. **Make any claim or statement (verbally, written, or electronic) that the Subject Restaurant has been in business at any time before it opened to the public on November 12, 2010**. * * *

---

[1] On about January 15, 2013, the United States Patent and Trademark Office issued to Plaintiff the "Lelli's"® Trademark and Service Mark "for restaurant services" [the "Subject Marks" – Exhibit "B"]

4) With respect to the Subject Restaurant (and any other operation Defendants, or any of them, currently own that violates one or more of the provisions in Paragraph 3 above):

    i. Except as indicated in the subsections below, going forward as of the date of this Agreement, **Defendants shall not advertise or make reference in any advertisement, website**, sign, **display, and interior décor any statement (verbally, written, or electronic) that conflicts with or violates any of the limitations set forth in Paragraph (3) above, including but not limited to, references claiming that the Subject Restaurant is "Detroit's Original Italian Chophouse Since 1939**."

[Emphasis added].

5) The Trademark Agreement required Defendants' <u>immediate</u> compliance with the obligations created by Section 3 of the Trademark Agreement relating to (i) use of "Lelli's"® in dwarfing font; (ii) claims or statements of a relationship between the Subject Restaurant and Plaintiff's restaurant; and (iii) claims or statements that the Subject Restaurant has been in business before November 2010 [Paragraph 4(i) of the Trademark Agreement – Exhibit "A"].

6) With respect to the "interior décor" of the Subject Restaurant, the Trademark Agreement required Defendants to conceal the offending language within ninety (90) days from the date of the Agreement [Paragraph 4(iii) of the Trademark Agreement – Exhibit "A"], or no later than **January 29, 2015**.

7) **Six (6) months** after the Trademark Agreement's effective date, Defendants continue to blatantly and extensively violate their obligations under the Trademark Agreement:

4

a) Defendants continue to hold themselves out to the public as having been in business "Since 1939."

- Defendants' website [www.lellisinn.com] continues to contain references that the Subject Restaurant has been in business "**since 1939**" [Exhibit "C"] – in plain violation of the above-quoted provisions of the parties' Trademark Agreement.

- Defendants' continue to operate and display a golf cart proclaiming "Detroit's Original Italian Chophouse Since 1939" [Exhibit "D"].

- Defendants also have a wall plaque with the same offending language – "Detroit's Original Italian Chophouse Since 1939" [Exhibit "E"].

- Defendants prominently placed in the entranceway of the Subject Restaurant two (2) large mats that loudly greet Defendants' customers with the offending message, "**Since 1939**." Such mats were in place when Plaintiff's counsel visited the Subject Restaurant on March 5, 2015, and remained in place when the Subject Restaurant was re-visited on March 10, 2015 [Exhibit "F"].

b) Defendants also continue to use "Lelli's"®, "Lelli's Inn" and/or "Lellis Inn" without also including the words "Steven" and "on the Green" – again, in clear violation of the parties' Trademark Agreement.

- Defendants' website refers to the Subject Restaurant as "Lelli's Inn" or "Lellis Inn" [Exhibit "G"].

- The Subject Restaurant's "interior décor" contains several improper uses of "Lelli's Inn" by itself [Exhibit "H"].

c) Moreover, Defendants have failed to conceal several signs at the Subject Restaurant that violate the font-size ratio of Section 3(i) of the Trademark Agreement [Exhibit "I"]. Defendants' use of "Lelli's"® in such signs clearly violates the 35% limitation of

        Section 3(i) when compared to the other words of Defendants' restaurant name.

8) Paragraph 13 of the Trademark Agreement provides for the following remedy for Defendants' breach:

> "**For any material violation of this Agreement** other than that recited in Paragraph (12) above[2], the corporate parties shall be allowed to petition the Court (which shall retain jurisdiction of this case for such purpose) for a declaration and determination that such violation occurred. **The prevailing party shall be entitled to** the Court's Order that it **receive from the person and/or entity in material violation an amount equal to the sum of**:
>     (i) its reasonable attorney fees and costs related to such petition; and
>     (ii) the greater of:
>         (a) its actual damages suffered as a result of such material violation, or
>         (b) **$10,000.00**."

9) The Trademark Agreement provides (in Paragraph 13, as set forth above) that the Court "shall retain jurisdiction of this case for" the purpose of hearing and deciding a motion such as the instant one. In addition, the Court's Stipulated Order of Dismissal with Prejudice entered on January 27, 2015 [Docket #45] also provides that "the Court retain jurisdiction for the purposes of enforcing the parties' settlement agreement."

10) As a result of Defendants' material violations of the Trademark Agreement, Plaintiff is entitled to:

---

[2] Paragraph 12 of the Trademark Agreement is inapplicable this Motion.

a) This Court's declaration and determination that Defendants materially violated the Trademark Agreement in one or more of the ways set forth above; and

b) This Court's Order awarding to Plaintiff and against Defendants an amount equal to $10,000, plus Plaintiff's reasonable attorney fees and costs, for each of Defendants' violations of the Trademark Agreement.

11) Pursuant to Local Rule 7.1, Plaintiff states there was a conference between attorneys and other persons entitled to be heard on the instant motion in which Plaintiff explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Plaintiff requests that this Honorable Court issue its Order declaring and determining that Defendants have materially violated the Trademark Agreement in one or more of the ways set forth above, and awarding to Plaintiff and against Defendants an amount equal to $10,000 plus Plaintiff's reasonable attorney fees and costs for each of Defendants' violations of the Trademark Agreement.

Respectfully submitted,

ALSPECTOR, SOSIN & NOVECK, PLLC


By: /s/ Robert M. Sosin
ROBERT M. SOSIN P35414
Attorneys for Plaintiff/Counter-Defendant

DATED: May 1, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed electronically with the Court on May 1, 2015. Notice of this filing was sent to all parties by operation of the Court's electronic filing system.

_____/s/ Robert M. Sosin_____
Robert M. Sosin