UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LELLI'S INN, INC, a
Michigan corporation

          Plaintiff,

v.

STEVEN LELLI'S INN ON THE
GREEN, L.L.C., a Michigan limited
liability company; STEVEN LELLIS
ON THE GREEN, LLC, a Michigan
limited liability company; STEVEN
LELLIS ON THE GREEN, INC., a
Michigan corporation; MARK R.
ZARKIN; and STEVEN J. LELLI, jointly
and severally,
          Defendants.

Case No. 13-cv-14766
Hon. John Corbett O'Meara

| ALSPECTOR, SOSIN & NOVECK, PLLC | JOELSON ROSENBERG, PLC |
|---|---|
| By:   ROBERT M. SOSIN (P35414) | By:  DAVID W. WARREN (P32449) |
| Attorneys for Plaintiff |       EMILY R. WARREN (P76675) |
| 30100 Telegraph Road, Suite 360 | *Attorneys for Defendants Steven Lelli's Inn On* |
| Bingham Farms, MI 48025-4517 | *The Green, L.L.C., Steven Lellis On The Green,* |
| (248) 642-3200 | *LLC, Steven Lellis On The Green, Inc., and* |
| Robert@anslaw.com | *Mark R. Zarkin, only* |
| | 30665 Northwestern Highway, Ste. 200 |
| | Farmington Hills, MI 48334 |
| | (248) 855-2233 |
| | dwwarren@joelsonrosenberg.com |
| | ewarren@jrlawplc.com |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS AGAINST DEFENDANTS**

NOW COME Defendants Steven Lelli's Inn on the Green, LLC, Steven Lelli's on the Green, LLC, Steven Lelli's on the Green, Inc., and Mark Zarkin (together "Defendants"), by and through their attorneys, Joelson Rosenberg, PLC, and in response to Plaintiff's Motion for Sanctions Against Defendants, state as follows:

1

1.      Plaintiff Lelli's Inn, Inc. ("Plaintiff"), at the direction of its principal, Michael Lelli, filed a lawsuit against Defendants and against Steven Lelli, Michael Lelli's son. The allegations in the lawsuit include claims for unfair competition, trademark infringement, and "palming off," arising from Defendants' operating a successful restaurant using the name "Steven Lelli" pursuant to a licensing agreement between Defendants and Steven Lelli. Defendants' restaurant, Steven Lelli's Inn on the Green, had been operating successfully for three years (since 2010), before Plaintiff filed its lawsuit against Defendants. Plaintiff's lawsuit coincided with a contentious probate dispute between Michael Lelli and his son Steven Lelli.

Defendants filed a Counterclaim challenging Plaintiff's trademark for the name "Lelli's" because Plaintiff made several material misrepresentations to the United States Patent and Trademark Office in its trademark application.

2.      Through advertising, signage, and other media, Defendants truthfully represented that their restaurant was connected to the original Lelli's restaurant, through Steven Lelli, a member of the Lelli family, who worked at both Plaintiff's and Defendants' restaurants. Plaintiff took issue with these representations because Defendants' restaurant was more successful than Plaintiff's.

3.      Rather than litigating the claims and counterclaims at issue in this case, the parties elected to settle the case and executed the Trademark Agreement (Plaintiff's Exhibit A).

4.      The Trademark Agreement required Defendants to take action with respect to certain décor, signage, and advertising for Defendants' restaurant. Defendants were required to conceal certain items within 90 days of signing the Trademark Agreement, and were required to permanently remove or alter certain items within 12 months, on or before November 1, 2015.

5.	The Trademark Agreement does not require "immediate compliance" with all of the provisions in section 3 of the Trademark Agreement. The Trademark Agreement provides for a time period in which to conceal the "offending" items and a separate time period for Defendants to remove or alter the "offending" items.

6.	Section 4(iii) provided Defendants a 90 day period to conceal certain items within the interior décor. Defendants substantially complied with this provision by concealing "Since 1939" on glass displays within the décor (Exhibit 1, Photograph of Concealed Writing on Glass Display), removing the "offending language" from signs within the restaurant, and taking other action consistent with the requirements of the Trademark Agreement.

7.	As of the date herein, Defendants have corrected the alleged violations enumerated in Plaintiff's motion, to the extent such violations actually existed:

a.	Defendants have corrected the alleged violations regarding Defendants' use of the phrase "Since 1939" as follows:

- Defendants' website designer, in inadvertent error, continued to use the offending language in recent website postings. When Defendants learned of the error, it was corrected immediately.

- The writing on the golf cart has been removed. (Exhibit 2, Golf Cart as of May 21, 2015)

- The plaque depicted in Plaintiff's Exhibit E is part of a display that includes a newspaper article and photograph (see Defendant's Exhibit 3, Photograph of Full Plaque Display) and has been on display since 2010, and therefore constitutes "memorabilia," which is an enumerated exception to the provisions in the Trademark Agreement pursuant to section 4(iv). Defendants are not required to remove or alter the plaque.

- The floor mats were removed when the error was brought to Defendants' attention by Plaintiff's counsel, Robert Sosin, on or about March 10, 2015. (Exhibit 4, Entry Way With Floor Mats Removed).

  b.  Defendants have corrected the alleged violations regarding Defendants' use of the word "Lelli's" on its own:

- Defendants' website designer, in inadvertent error, continued to use the offending language in recent website postings. When Defendants learned of the error, it was corrected immediately and now reads "Lelli's Inn on the Green." See Exhibit 5, Current Website.

- The alleged violations depicted in Plaintiff's Exhibit H are confusing, misleading, and include photographs of the restaurant exterior, not "interior décor." Three of the photographs of alleged violations include the words "Lelli's Inn on the Green" and do not, as Plaintiff alleges, use the word "Lelli's" on its own. There is nothing in the Trademark Agreement that prohibits Defendants from using "Lelli's Inn on the Green" in its décor.

  c.  Defendants are in the process of altering the font-size of the words in the signage in front of Defendants' restaurant. Defendants have until November 1, 2015, to complete this work. See section 4(ii)(b) of the Trademark Agreement.

  8.  Section 13 of the Trademark Agreement is a penalty provision and is therefore void. Section 13 allows either party to petition the Court if the other party has violated the Trademark Agreement, and provides that the *prevailing party* may recover the greater of its actual damages resulting from the alleged violations or $10,000. The amount of $10,000 is not justified or explained in the Trademark Agreement.

  9.  The Court has continuing jurisdiction to adjudicate petition for violations of the Trademark Agreement.

  10.  Plaintiff must *prevail* on the merits of its petition before the Court may determine whether Plaintiff is entitled to anything as a result of the alleged violations of the Trademark Agreement. Defendants maintain that Plaintiff has not suffered any actual damages whatsoever as the result of Defendants' conduct, and that several of the alleged violations are not actually prohibited by the Trademark Agreement. Furthermore, the plain language of the Trademark

Agreement allows Plaintiff to petition the Court for a declaration and determination, and that the prevailing party in such dispute be awarded its actual damages or $10,000. The Trademark Agreement does NOT provide that Plaintiff is entitled to $10,000.00 for each separate alleged violation of the Trademark Agreement.

11. Defendants do NOT concur with the relief demanded by Plaintiff because, as discussed in detail in the attached brief in support, Plaintiff is not entitled to the relief it demands.

WHEREFORE, for the foregoing reasons and the reasons set forth in the attached brief in support, Defendants respectfully request this Court DENY Plaintiff's Motion for Sanctions Against Defendants and award Defendants their attorneys fees and costs incurred in having to respond to Plaintiff's Motion, and such other and further relief as is consistent with equity and good conscience.

/s/Emily R. Warren
EMILY R. WARREN (P76675)
JOELSON ROSENBERG PLC
*Attorney for Defendants Steven Lelli's Inn On The Green, L.L.C., Steven Lellis On The Green, LLC, Steven Lellis On The Green, Inc., and Mark R. Zarkin, only*
30665 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
(248) 855-2233
ewarren@jrlawplc.com

5

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LELLI'S INN, INC, a
Michigan corporation

          Plaintiff,

v.

STEVEN LELLI'S INN ON THE
GREEN, L.L.C., a Michigan limited
liability company; STEVEN LELLIS
ON THE GREEN, LLC, a Michigan
limited liability company; STEVEN
LELLIS ON THE GREEN, INC., a
Michigan corporation; MARK R.
ZARKIN; and STEVEN J. LELLI, jointly
and severally,
          Defendants.

Case No. 13-cv-14766
Hon. John Corbett O'Meara

---

| ALSPECTOR, SOSIN & NOVECK, PLLC | JOELSON ROSENBERG, PLC |
|---|---|
| By:  ROBERT M. SOSIN (P35414) | By:  DAVID W. WARREN (P32449) |
| Attorneys for Plaintiff |       EMILY R. WARREN (P76675) |
| 30100 Telegraph Road, Suite 360 | *Attorneys for Defendants Steven Lelli's Inn On* |
| Bingham Farms, MI 48025-4517 | *The Green, L.L.C., Steven Lellis On The Green,* |
| (248) 642-3200 | *LLC, Steven Lellis On The Green, Inc., and* |
| Robert@anslaw.com | *Mark R. Zarkin, only* |
| | 30665 Northwestern Highway, Ste. 200 |
| | Farmington Hills, MI 48334 |
| | (248) 855-2233 |
| | dwwarren@joelsonrosenberg.com |
| | ewarren@jrlawplc.com |

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS**

## TABLE OF CONTENTS

COUNTER-STATEMENT OF ISSUE PRESENTED ................................................................... i

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...................................................... ii

INDEX OF EXHIBITS .................................................................................................................. iii

I.    BACKGROUND .................................................................................................................1

II.   ANALYSIS ..........................................................................................................................1

      A.    Plaintiff Has Not Presented Admissible Evidence to Prove That Each Alleged
          Violation Occurred ..................................................................................................2

      B.    The Alleged Violations, Even Taken Together, Do Not Constitute "Material"
          Violations of the Trademark Agreement ...............................................................3

      C.    The Damages Provision of Section 13 of the Trademark Agreement is a Void as a
          Penalty ....................................................................................................................4

      D.    Plaintiff Cannot Be the "Prevailing Party" and is Therefore Not Entitled to Any of
          the Relief Sought ....................................................................................................5

III.  CONCLUSION ....................................................................................................................6

## COUNTER-STATEMENT OF ISSUES PRESENTED

I. Whether Plaintiff must be adjudicated as the "prevailing party" for its Motion for Sanctions Against Defendants in order to be eligible for an award of damages?

Defendants Answer: Yes.

II. Must Plaintiff prove that each and every alleged violation enumerated in Plaintiff's Motion for Sanctions Against Defendants (1) has actually occurred, (2) that such violation constitutes a material violation of the Trademark Agreement pursuant to the terms of the Trademark Agreement, and (3) that such violation was "material" in order to be deemed the "prevailing party"?

Defendants Answer: Yes.

III. If Plaintiff fails to prove each of the elements in II above, is Plaintiff entitled to recover any penalty?

Defendants Answer: No.

IV. Whether section 13 of the Trademark Agreement constitutes a penalty and is therefore void and unenforceable as a matter of law?

Defendants Answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Trademark Agreement (Plaintiff's Exhibit A)

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).

*Curran v. Williams,* 352 Mich. 278, 89 N.W.2d 602, 604 (1958).

*Hertzberg v. Nunn Bush Shoe Co. (In re Constr. Diversification, Inc.),* 36 B.R. 434 (E.D. Mich.1983).

*In re Exemplar Mfg. Co.*, 331 B.R. 704 (Bankr. E.D. Mich. 2005).

*Nichols v. Seaks,* 296 Mich. 154, 295 N.W. 596 (1941).

## INDEX OF EXHIBITS

Exhibit 1:   Photograph of Concealed Writing on Glass Display
Exhibit 2:   Golf Cart as of May 21, 2015
Exhibit 3:   Photograph of Full Plaque Display
Exhibit 4:   Entry Way With Floor Mats Removed
Exhibit 5:   Current Website
Exhibit 6:   Affidavit of Michael Franklin for Photograph Exhibits
Exhibit 7:   Verification of Mark Zarkin

**I.     BACKGROUND**

According to Plaintiff's statement of facts, "the Lelli family has owned and operated an upscale Italian steakhouse restaurant." (Dkt. #47, p. 1). Steven Lelli, a member of the Lelli family, licensed the right to use his name to Defendants in connection with a restaurant located in Farmington Hills, Michigan, which opened in 2010 and has operated successfully since.

In 2011, after Defendants had been in operation for over a year, Plaintiff decided to apply for a trademark registration for the word "Lelli's." Plaintiff's trademark application was initially denied by the United States Patent and Trademark Office. Plaintiff's trademark application included several material misrepresentations about its exclusive use of the proposed mark— Plaintiff's misrepresentations are set forth in detail in Defendants' Counterclaim (Dkt. #17). Plaintiff filed this lawsuit in 2013, after Plaintiff managed to obtain registration of the mark "Lelli's" (through misrepresentations and false statements described in the Counterclaim, Dkt. #17), and in the midst of a contentious probate dispute between Michael Lelli, the principal of Plaintiff Lelli's Inn, Inc., and his son Steven Lelli. Rather than litigating the claims and counterclaims at issue in this case, the parties elected to settle the case and executed the Trademark Agreement (Plaintiff's Exhibit A).

The Trademark Agreement required Defendants to take action with respect to certain décor, signage, and advertising for Defendants' restaurant. Defendants were required to conceal certain items within 60 or 90 days of signing the Trademark Agreement, and were required to permanently remove or alter certain items within 12 months, on or before November 1, 2015.

**II.    ANALYSIS**

Plaintiff demands that it be awarded "$10,000, plus Plaintiff's reasonable attorney fees and costs, for each of Defendants' violations of the Trademark Agreement" as if Plaintiff is

1

automatically entitled to damages and attorneys fees by simply *alleging* that Defendants violated the Trademark agreement. Pursuant to the terms of the Trademark Agreement, Plaintiff is only entitled to damages and/or attorney's fees if Plaintiff is the *prevailing party*. To be the prevailing party in this instance requires Plaintiff to prove that each alleged violation actually occurred, that each such violation constitutes a material violation of the Trademark Agreement pursuant to the terms of the Trademark Agreement, and that such violation was "material."

### A. Plaintiff Has Not Presented Admissible Evidence to Prove That Each Alleged Violation Occurred.

Plaintiff alleged several violations of the Trademark Agreement. Other than the website screen-shots, none of the photographs of alleged violations are time-stamped or dated, and there is no verification of when the photographs were taken or by whom.

Plaintiff's Exhibit C is a screen-shot of Defendants' website in which Defendants' web-designer inadvertently continued to use the phrase "since 1939" in a recent website posting. The offending language was in relatively small lettering, was not displayed prominently on the webpage, and only appeared for a limited time on the website. As soon as the error was brought to Defendants' attention, the offending material was removed. This hardly constitutes a "material violation" of the Trademark Agreement. Plaintiff cannot show any actual damages as a result of the error, and should not be awarded $10,000 and attorney's fees because of a minor and inadvertent error committed by Defendants' web designer.

Plaintiff's Exhibit D is a purportedly a photograph of a golf cart outside Defendants' restaurant. Plaintiff has not authenticated the photograph, and there is no indication of when the photograph was taken or by whom. As shown in a photograph taken on May 21, 2015, the golf cart does not display any offending language. (Exhibit 2).

Plaintiff's Exhibit E is purportedly a photograph of a plaque displayed in Defendants' restaurant. This plaque (shown in full in Exhibit 3) has been on display since 2010 and is "memorabilia" and is therefore an exception to the other terms of the Trademark Agreement pursuant to section 4(iv). Defendants are not required to remove or alter the plaque.

According to Plaintiff's Exhibit F, an Affidavit from Plaintiff's attorney, Robert Sosin, the only violation Mr. Sosin observed on March 5, 2015, were the floor mats. Mr. Sosin's affidavit also has a representation that Mr. Sosin's *colleague,* not Mr. Sosin himself, observed the same floor mats on March 10, 2015. The representation in paragraph 4 of the March 10, 2015 affidavit is hearsay and insufficient to demonstrate that the Plaintiff is the "prevailing party" or that the alleged violations even occurred. In addition, Mr. Sosin has not authenticated any of the photographs attached as exhibits to Plaintiff's Motion, nor did he indicate in his affidavit *when* the photographs were taken, or by whom.

Plaintiff's Exhibit H is purportedly a series of photographs of the interior of Defendants' restaurant. Again, there is no indication when these photographs were taken, or by whom. Defendants cannot even discern what the third photograph in Plaintiff's Exhibit H is. The other photographs in Plaintiff's Exhibit H appear to be of the *exterior* of the restaurant, although it is unclear when the photographs were taken.

Plaintiff's Exhibit I is purportedly photographs of the exterior sign for Defendants restaurant. Again, there is no verification of when these photographs were taken.

### B. The Alleged Violations, Even Taken Together, Do Not Constitute "Material" Violations of the Trademark Agreement.

As discussed above, the inadvertent website errors were displayed for a limited period of time and were removed as soon as Defendants were notified. This hardly constitutes a "material violation" of the Trademark Agreement, Plaintiff cannot show any actual damages as a result of

the error, and should not be awarded $10,000 and attorneys fees because of a minor error committed by Defendants' web designer.

The remaining alleged violations are similarly minute and immaterial, do not exist as of the date herein, or are not required to be altered or removed as in the case of the plaque (Plaintiff's Exhibit C, Defendants' Exhibit 3). Significantly, Plaintiff demands damages of $10,000 per violation, and does not even mention actual damages. This is because Plaintiff has not suffered any damages as a direct or even indirect result of Defendants' actions, and has filed its Motion for Sanctions solely to intimidate, harass, and shake down Defendants for tens of thousands of dollars in the hopes of putting Defendants out of business.

### C. The Damages Provision of Section 13 of the Trademark Agreement is a Void as a Penalty.

Under Michigan law, "[a] liquidated damage clause is void as a penalty if it provides for an amount of damages that is unreasonable in light of the possible injury suffered in the event of a breach. *In re Exemplar Mfg. Co.*, 331 B.R. 704, 711-12 (Bankr. E.D. Mich. 2005) (citing *Curran v. Williams,* 352 Mich. 278, 89 N.W.2d 602, 604 (1958)). To be enforceable, the liquidated damages portion of a contract must be in an amount that is a reasonable estimate of the actual damages and that the damages cannot be predicted with accuracy at the time of formation. *Hertzberg v. Nunn Bush Shoe Co. (In re Constr. Diversification, Inc.),* 36 B.R. 434, 436 (E.D.Mich.1983). "[R]easonableness is a function, at least in part, of the accuracy with which such stipulated damages approximate the *actual damages* incurred by the party seeking enforcement of the liquidated damages provision." *Id.* The purpose in permitting a stipulation of damages as compensation is to render certain and definite that which appears to be uncertain and not easily proven. *Curran v. Williams,* 352 Mich. 278, 89 N.W.2d 602, 604 (1958). Before accepting and enforcing a liquidated damages provision, the Court must examine the provision

4

and determine whether the "figure is really in the nature of an attempted computation of the actual damages likely to result, or whether it has the effect of exacting a penalty from the contract breaker." *Nichols v. Seaks,* 296 Mich. 154, 295 N.W. 596, 599 (1941).

In this case, the liquidated damages provision in section 13 is clearly a penalty. There is no calculation or justification in the Trademark Agreement for the amount of liquidated damages. Plaintiff does not even allege that it has suffered any actual damages as the result of Defendants' alleged violations of the Trademark Agreement. Even if Plaintiff alleged and proved actual damages, if those damages were less than $10,000, Defendants would be required to pay $10,000 if the paragraph is enforced. Section 13 sets a minimum amount of damages at $10,000, regardless of the alleged violation or whether it caused actual damages to Plaintiff. Section 13 is therefore a penalty and is void under Michigan law, and should not be enforced.

### D. Plaintiff Cannot Be the "Prevailing Party" and is Therefore Not Entitled to Any of the Relief Sought.

Plaintiff must *prevail* on the merits of its petition before the Court may determine whether Plaintiff is entitled to anything as a result of the alleged violations of the Trademark Agreement. Defendants maintain that Plaintiff has not suffered any actual damages whatsoever as the result of Defendants' conduct, and that several of the alleged violations are not actually prohibited by the Trademark Agreement.

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).

*Buckhannon* dealt with statutory attorneys fees awarded to the prevailing party in a Fair Housing Act case. While there is no statute awarding attorneys fees in the case at bar, *Buckhannon* provides useful guidance on what constitutes a "prevailing party" for purposes of awarding attorneys fees. In this case, there has been no adjudication on the merits of either parties' claim, and but for the facilitative mediation with Judge Michelson, there has been no judicial intervention whatsoever. To even be eligible for damages under section 13 of the Trademark Agreement, Plaintiff must be determined to be the "prevailing party," meaning that Plaintiff must accomplish its goal through litigation or judicial intervention. Defendants' verified exhibits show that, to the extent any of the alleged violations even existed, Defendants have corrected each alleged violation and are otherwise in substantial compliance with the Trademark Agreement.

### III. CONCLUSION

Plaintiff has failed to provide any admissible evidence that the alleged violations actually occurred. Plaintiff has failed to establish that any of the alleged violations are "material" or that Plaintiff suffered any damages whatsoever as a result. In addition, section 13 of the Trademark Agreement is void as a matter of law and should not be enforced. For all of the foregoing reasons, Defendants respectfully request this Court DENY Plaintiff's Motion for Sanctions Against Defendants and award Defendants their attorneys fees and costs incurred in having to respond to Plaintiff's Motion, and such other and further relief as is consistent with equity and good conscience.

Respectfully submitted,

/s/Emily R. Warren
EMILY R. WARREN (P76675)
JOELSON ROSENBERG PLC
*Attorney for Defendants Steven Lelli's Inn On The Green, L.L.C., Steven Lellis On The Green, LLC, Steven Lellis On The Green,*

*Inc., and Mark R. Zarkin, only*
30665 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
(248) 855-2233
ewarren@jrlawplc.com

**PROOF OF SERVICE**

     The undersigned certifies that on <u>May 21, 2015</u> the foregoing Defendants' Response In Opposition To Plaintiff's Motion For Sanctions Against Defendants was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleadings via the court's ecf system.

Dated: May 21, 2015     /s/Susan C. Brohman_____
                                       Susan C. Brohman

7